# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2013

Lyle W. Cayce
Clerk

No. 12-40532
Summary Calendar

AUTRY EUGENE RANDALL, JR.,

Plaintiff-Appellant

v.

DR. C. NASH, Bowie County Correctional Center (under contract with Community Education Centers, Texarkana, Texas); NURSE S. MICHAELS, Medical Department Supervisor, Bowie County Correctional Center (under contract with Community Education Centers, Texarkana, Texas); DESIREE PENNINGTON, Medical Records Clerk, Bowie County Correctional Center (under contract with Community Education Centers, Texarkana, Texas),

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:10-CV-241

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Autry Eugene Randall, Jr., formerly a pretrial detainee in the Bowie County Correctional Center/Bi-State Detention Center and currently Texas state prisoner # 1676607, has filed a motion for leave to proceed in forma pauperis

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("IFP") on appeal from the district court's judgment granting the defendants' motions for summary judgment and dismissing Randall's 42 U.S.C. § 1983 action. The district court denied Randall's IFP motion, certifying, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), that the appeal was not taken in good faith.

By moving for leave to proceed IFP, Randall is challenging the district court's certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To obtain permission to proceed IFP, Randall must show that he is a pauper and that he will present a nonfrivolous appellate issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Randall argues that, prior to filing his § 1983 action, he was unable to exhaust his administrative remedies due to fear, threats, and constant harassment. The exhaustion requirement is mandatory, and unexhausted claims may not be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). There is no futility exception to the exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Moreover, the summary judgment evidence presented below demonstrates that Randall submitted three Step-1 grievances and a Step-2 grievance on an unrelated issue, thus refuting his reasons for failing to exhaust.

Next, Randall argues for the first time that he could not exhaust his administrative remedies because grievance forms were impossible to obtain when he was in solitary confinement and that the grievance forms he managed to submit were obtained from other inmates. This court does not generally consider arguments raised for the first time on appeal, and we decline to do so here. *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Finally, Randall raises arguments regarding the merits of his claim. We need not consider these arguments because he did not exhaust his administrative remedies.

Randall has not established that he will raise a nonfrivolous appellate issue.  *See Carson*, 689 F.2d at 586.  Accordingly, we deny the motion to proceed IFP on appeal, and we dismiss his appeal as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  The dismissal of Randall's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Randall is cautioned that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.